UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LINDSAY ARMOND GARCIA**                          **CIVIL ACTION**
                                                   **NO._____**

**VERSUS**

**ALGIERS CHARTER SCHOOLS ASSOCIATION AND**
**WILLIAM J. FISHER SCHOOL AND**
**STANLEY GREEN, PERSONALLY AND IN HIS CAPACITY AS WILLIAM J. FISHER**
**SCHOOL**

*********************************************
**COMPLAINT**

The Petition of Lindsay Armond Garcia, a resident of the full age of majority of Orleans Parish, Louisiana, respectfully represents:

1.

Jurisdiction is founded herein pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 affording supplemental jurisdiction over Petitioner's claims arising under Louisiana law. Venue is proper within this judicial district as a majority of the incidents specifically, many of the unwanted and unwarranted contact occurred in Orleans Parish, Louisiana, sued upon herein occurred within this judicial district.

2.

The Defendants are enumerated below:

1.  Algiers Charter Schools Association, (hereinafter "Algiers Charter School"), is an independent, duly chartered association operating school in Orleans Parish in Louisiana. The Algiers Charter School goal as stated in it's website is to "provide children with a rigorous, well-rounded, career and college preparatory education". But also "an organization [where] development and student achievement always

    come first" and that [the] "Algiers Charter School Association is committed to attracting, hiring, and retaining educators focused on creating a classroom and school culture that supports rigorous student learning and personal growth" and is therefore truly indebted unto Petitioner for all sums as are reasonable under the premises allowed by law, attorney's fees, all costs of these proceedings, interest thereon from the date the judicial demand until paid, and all other relief to which Petitioner is entitled at law or in equity, including injunctive relief.

2. William J. Fisher School, (hereinafter "Fisher School"), is a school operating in Orleans Parish in Louisiana as part of the Algiers Charter Schools Association and is purported to be a teaching facility for the children of Orleans Parish, is truly indebted unto Petitioner for all sums as are reasonable under the premises, attorney's fees, all costs of these proceedings, interest thereon from the date of judicial demand until paid, and all other relief to which Petitioner is entitled at law of in equity, including injunctive relief.

3. Stanley Green, ( hereinafter "Green"), Principal of William J. Fisher School, a resident and of the full age of majority, was an employee of Algiers Charter Schools Association charged with the responsibility of protecting and educating the children of Fisher School, is truly indebted unto Petitioner for all sums as are reasonable under the premises, attorney's fees, all costs of these proceedings, interest thereon from the date of judicial demand until paid, and all other relief to which Petitioner is entitled at law of in equity, including injunctive relief.

3.

Petitioner was hired by Algiers Charter Schools to perform the duties of teacher at William

J. Fisher School.  At all times pertinent hereto,  Algiers Charter Schools was Petitioner's employer within the meaning and intent of law and employed greater than 500 employees.

4.

At all times hereto, Green was Principal of Fisher School and therefore was supervisor of Petitioner and an "agent" and employee of Algiers Charter Schools Association within the meaning and intent of Federal and Louisiana law.

5.

Beginning in August, 2016, and continuing through removal of Green as Principal of William J. Fisher School, Petitioner was subjected to the following unwelcome, and non-consensual sexual harassment:

    A. Green made unwanted sexual overtures, including describing specific anatomical parts of Petition's body.

    B.  Green  left notes on Petitioner's classroom desk notes with intimate references;

    C.  Green made several call to Petitioner with unwanted sexual comments;

    D.  Green conducted an employee evaluation of Petitioner outside established protocols;

    F.   Being subjected to unwanted sexual comments on a frequent basis by Green;

    G.  Being subjected to texts messages of a clearly sexual and harassing nature by Green;

    F.  Such other acts as more fully described in Petitioner's Affidavit attached hereto as Exhibit "A", and other acts which will be more fully shown at trial of this matter.

6.

Petitioner repeatedly objected and protested to Green's behavior to no avail.

7.

Petitioner reported the behavior in her work environment to her immediate supervisor, Fisher School, Assistant Principal Trynese Knox and Mrs. Sabrina Smith, as well as to Algiers Charter Schools Human Resources representatives Tansy Megendie, and Ms. Tammi Major to no avail.

8.

No actions were taken by Algiers Charter Schools or Fisher School, regarding Petitioner's complaints of sexual harassment and retaliation. However, Green and Fisher School's harassment of Petitioner escalated following her complaints. Petitioner was taunted by Fisher School when it permitted Green to return to work in his capacity of Principal of Fisher School after a brief absence.

9.

Petitioner feared for her job as her employer, Defendant Algiers Charter Schools, continued to employ Green as Principal of Fisher School. Petitioner feared that her employment would be terminated in retaliation of having rebuked Green's sexual advances which had taken place in and out of the work place.

10.

The actions and deliberate inactions of Algiers Charter Schools Association, William J. Fisher School, and Green, were sudden, unexpected, extreme and outrageous, and caused Petitioner severe emotional distress. Continued employment of Green by Algiers Charter Schools Association and William J. Fisher School constituted negligence towards the Petitioner placing her in danger of a sexual predator. Said behavior constituted the torts of intentional infliction of emotional distress and negligence pursuant to La. Civ. C. Art. 2315, *et seq.*

11.

As a direct result of Green's behavior and Algiers Charter Schools Association and William

J. Fisher School's inaction, Petitioner questioned whether or not to leave the students she had come to love for fear of further retaliation by Green and other Algiers Charter Schools Association employees.

12.

Actions by all defendants listed in this petition constitute the torts of assault and battery for which they are directly and respondent superior liable.

13.

The actions of Algiers Charter Schools Association and William J. Fisher School endangered the physical and psychological well being of Petitioner and constitute the torts of intentional infliction of emotional distress and negligence pursuant to La. Civ. Art. 2315, *et seq*.

14.

As a result of the incidents sued upon herein, Petitioner sustained damages which include, but are not limited to, severe emotional distress, humiliation and embarrassment, loss of employment capacity and tenure, past and future medical bills, and all such other damages as will be more fully shown at trial and all for which Petitioner specifically sues herein.

15.

Petitioner timely filed a Charge of Discrimination with the U. S. Equal Employment Opportunity Commission (hereinafter "EEOC").  On June 29, 2017, the EEOC determined that it was unlikely that they would be able to complete its administrative processing within 180 days from the charge providing Petitioner ninety (90) days to file suit in this matter. (Exhibit "B").

16.

The actions of Algiers Charter Schools Association, William J. Fisher School, and Green, were wonton and reckless with disregard for Petitioner's clearly established rights.  Hence

defendants are liable, together and separately, for punitive damages pursuant to 42 U.S.C. §1981a.

17.

Petitioner is entitled to and desires an award of attorney's fees and all costs of these proceedings pursuant to Louisiana and State law and all such relief to which she is entitled to law or in equity pursuant to Federal and Louisiana law.

18.

Petitioner is entitled to and desires trial by jury of this matter.

WHEREFORE, Petitioner, Lindsay Armond Garcia, prays for trial by jury and after due proceedings are had and there be judgment herein in her favor of Petitioner and against defendants, Algiers Charter Schools Association, William J. Fisher School, and Stanley Green, jointly and in solido, for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees and all costs of these proceedings, legal interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

Respectfully Submitted:

REGAN LAW, P.L.C.

/s/ Martin E. Regan, Jr.
MARTIN E. REGAN, JR. (11153)
2125 St. Charles Avenue
New Orleans, Louisiana 70130
Tel: (504) 522-7507
Fax: (504) 522-7507
Email: mregan@reganlaw.net