UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LINDSAY ARMOND GARCIA                          CIVIL ACTION

VERSUS                                          NO. 17-8126

STANLEY GREEN, ET AL.                          SECTION "R" (3)

# ORDER AND REASONS

Plaintiff Lindsay Armond Garcia pursues damages for intentional infliction of emotional distress from defendant Stanley Green on the basis of his behavior while she was his subordinate at the William J. Fisher School.[1] In anticipation of trial, Green has objected to several of Garcia's exhibits.[2] The Court rules on these objections as set forth below.

## I. DEFENDANT'S OBJECTIONS

### A. *EEOC Charge of Discrimination*

Green seeks to exclude Garcia's Charge of Discrimination filed with the EEOC as irrelevant to her IIED claim and substantially more prejudicial than

---

[1] *See* R. Doc 1.
[2] Garcia has not submitted any objections to the Court. She also did not object to any of defendant's exhibits in the pretrial order, except to object to "impeachment evidence." *See* R. Doc. 70 at 21. The Court thus considers her to have waived any objections to Green's exhibits. *See* R. Doc. 81 at 3 ("Objections that are not raised in the pretrial order will be considered waived except for good cause shown.").

probative under Federal Rule of Evidence 403.[3] Garcia's act of filing the EEOC charge is relevant evidence on the issues of her severe emotional distress and the lack of welcomeness of Green's advances. Fed. R. Evid. 402. While the charge is hearsay if introduced for the truth of the claims made in it, it may be introduced as relevant evidence of Garcia's attempts to report Green's behavior. *Dunn v. Hunting Energy Servs.*, 288 F. Supp. 3d 749, 762 (S.D. Tex. 2017) (complaint may be introduced for the non-hearsay purpose of proving that it was filed). The charge is not unduly prejudicial because Garcia's accusations against Green in the charge are no more prejudicial than the evidence that will be elicited through Garcia's testimony. In addition, the Court can limit any prejudice by instructing the jury of the limited purpose for which the charge may be used. The EEOC charge's probative value as a contemporaneous record of Garcia's actions to report Green is not substantially outweighed by its risk of prejudice under Rule 403, and it is therefore admissible.

      OVERRULED.

---

[3]     R. Doc. 99 at 2.

B.  *Garcia's Affidavit*

For the reasons explained in the Court's order on Green's motion *in limine* seeking to exclude the same affidavit,[4] Garcia's affidavit is hearsay and cannot be used to prove the truth of the matters asserted within it. But Garcia may introduce the affidavit to prove that she complained about Green's behavior to ACSA, which is relevant to the severity of her emotional distress. *Dunn*, 288 F. Supp. 3d at 762 (workplace complaint is not hearsay when used to prove that it was filed). In addition, because the notebook from which Garcia created the affidavit was not lost in bad faith, the loss of the original notebook does not render the affidavit inadmissible under Federal Rule of Evidence 1002. The affidavit is not a summary, so Rule 1006 does not apply.

OVERRULED.

C.  *Confidential Investigation Report and Supplemental Report*

For the reasons explained in the Court's order on defendant's motion *in limine* to exclude these reports,[5] Tafaro's reports are hearsay and are not covered by any exception to Rule 802. The reports are therefore inadmissible.

---

4   *See* R. Doc. 109 at 5.
5   *Id.* at 6-9.

SUSTAINED.

D.   *Green's Hire Date*

Green seeks to exclude ACSA's record of Green's hire date because it is not relevant to Garcia's claims.[6] The date that Green was hired does not have any bearing on his actions toward Garcia. The relevant dates for Garcia's claims would instead be the date that Green met Garcia, began working with her, or began harassing her. The Court therefore finds this exhibit inadmissible under Federal Rule of Evidence 402.

SUSTAINED.

E.   *Green's Salary Change*

Green's salary is also irrelevant to Garcia's claims against him. Garcia makes no claims regarding Garcia's pay or personal assets. His salary change is therefore inadmissible under Rule 402.

SUSTAINED.

F.   *Green's Administrative Leaves, Disciplinary Action Charge, and Termination*

Green argues that ACSA documents putting him on administrative leave, taking disciplinary action against him, and terminating his

---

[6]   R. Doc. 99 at 3.

employment are substantially more prejudicial than probative under Rule 403.[7]

ACSA's decision to place Green on administrative leave, its decision to fire him for violating its sexual harassment policies, and the findings of its investigation are all probative of whether Green's conduct was extreme and outrageous. Such evidence is thus admissible in the form of witness testimony. But the exhibits to which Green objects do not include any factual findings of Green's conduct. The documents putting him on administrative leave merely state that the leave is "with pay pending investigation,"[8] and "with pay until investigation is complete."[9] The disciplinary action form provides only that Green violated the school's policies,[10] and the termination form shows that the termination was involuntary with no other details.[11] None of the documents contains information about the nature of Green's conduct toward Garcia. Without facts about the underlying conduct, the forms have little probative value for Garcia's intentional infliction of emotional distress claim. In addition, admission of these documents creates a risk that the jury will construe ACSA's decision to fire Green as

---

[7] R. Doc. 99 at 3.
[8] Plaintiff's exhibit 12.
[9] Plaintiff's exhibit 13.
[10] Plaintiff's exhibit 14.
[11] Plaintiff's exhibit 15.

5

determinative of his guilt. The documents are therefore excluded as substantially more prejudicial than probative under Rule 403.

SUSTAINED.

G.     *Magendie's Declaration*

Green seeks to exclude Tansey Magendie's declaration describing ACSA's sexual harassment policies and practices, as well as the steps she took to investigate Garcia's claims against Green, on the ground that it is inadmissible hearsay.[12] The declaration is indeed hearsay under Rule 802 if used to prove the truth of the matters asserted within it. In addition, Garcia intends to call Magendie as a witness, so the declaration is cumulative of her testimony. The Court therefore finds the declaration inadmissible. Fed. R. Evid. 403 (allowing courts to exclude relevant evidence when it is needlessly cumulative).

SUSTAINED.

H.     *Email from Magendie to Garcia*

Green also seeks exclusion of email correspondence between Magendie and Garcia as hearsay, irrelevant, and more prejudicial than probative.[13] In most of the email messages, Garcia is expresses frustration with the school

---

[12]     *Id.* at 4.
[13]     *Id.*

administration rather than discussing Green directly. These emails are substantially more prejudicial than probative under Rule 403. Their probative value is slight because they do not relate directly to Green's actions or Garcia's emotional distress caused by Green. They are prejudicial because they confuse the issues in the case by introducing Garcia's dissatisfaction with the school district rather than Green himself. They are therefore inadmissible.

But in one email, Garcia requests access to counseling services, which is probative of her level of emotional distress. This email is not hearsay because it is a statement of Garcia's then-existing state of mind and emotional condition. *See* Fed. R. Evid. 803(3) (hearsay statements of "the declarant's then-existing state of mind . . . or emotional . . . condition" are admissible). Because it speaks directly to Garcia's emotional state and does not make allegations against ACSA, this email is more probative than prejudicial under Rule 403, and it is therefore admissible.

OVERRULED IN PART.

> I. *Green's Online Employment Application, Green's New Hire, Green's Ethics History, Green's Authorizations, Green's Driver's License, Green's Employee File, and Green's LA State Police Background Check*

For the reasons explained in the Court's order on Green's motion *in limine* to exclude his pre-employment documents, Green's employment

7

application, ethics history, and authorizations are not admissible.[14] Green's "new hire" form is the same document as his "hire date" form that the Court already excluded as irrelevant. The "employee file" consists of his disciplinary action form that the Court already determined is inadmissible, the two forms putting him on paid leave that the Court determined inadmissible, and the EEOC charge that the Court determined admissible. Green's driver's license is inadmissible because it is irrelevant under Rule 402. His state background check is inadmissible because it is more prejudicial than probative for the reasons explained in the Court's motion *in limine* granting Green's motion to exclude his criminal convictions.[15] Accordingly, the Court sustains Green's objection to these exhibits as either duplicates of other exhibits, irrelevant, or as substantially more prejudicial than probative.

SUSTAINED.

J.    *Investigator's Notes and Email to Re-Open Investigation*

For the reasons explained in the Court's order granting Green's motion *in limine* to exclude investigator Lauren Tafaro's notes and email re-opening

---

[14]    R. Doc. 109 at 20-24.
[15]    *Id.* at 3-4.

her investigation, these documents are inadmissible because they are hearsay under Rule 802 and are not covered by any exception to the Rule.[16]

SUSTAINED.

II. **CONCLUSION**

The Court rules on defendant's objections as indicated above.

New Orleans, Louisiana, this __14th__ day of January, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[16] *Id.* at 6-9.